1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAUN DARNELL GARLAND, | ) | Case No. CV 16-1428-FMO (KK) |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| v. | ) | WITH LEAVE TO AMEND |
| | ) | |
| S. REDDING, et al., | ) | |
| Defendants. | ) | |

**I.**

**<u>INTRODUCTION</u>**

Plaintiff Shaun Darnell Garland ("Plaintiff"), proceeding <u>pro se</u> and <u>in forma pauperis</u>, has filed a Complaint ("Complaint) pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendants Correctional Lieutenant S. Redding, Correctional Counselor II O. Eguavoen, and Assistant Warden Jordan ("Defendants") violated Plaintiff's Eighth and First Amendment rights.  As discussed below, the Court dismisses the Complaint with leave to amend.

1

1

**II.**

2

**BACKGROUND**

3    On February 9, 2016, Plaintiff constructively filed[1] the Complaint against

4    Defendants in their individual capacities. Dkt. 1 at 3.[2]  Plaintiff alleges Defendants

5    violated his Eighth and First Amendment rights by placing him in segregation and

6    retaliating against him for refusing to debrief.  See id.

7    Plaintiff alleges on December 6, 2014, he was transferred from a non-

8    disciplinary segregation unit at Ironwood State Prison to California State Prison,

9    Los Angeles County ("CSP-LAC") to debrief.[3]  Id. at 4.  Plaintiff alleges the

10    following events occurred after his transfer to CSP-LAC:

11    On February 20, 2015, defendant Eguavoen "told Garland if he did not

12    debrief he would recommend return to [an] indeterminate SHU [security housing

13    unit] term."  Id.  In response, Plaintiff stated "he w[ould] not participate in the

14    debriefing process as he ha[d] done nothing to debrief about."  Id.

15    On March 5, 2015, defendant Redding issued an administrative segregation

16    unit notice, improperly "eliminating Garland's non disciplinary segregation (NDS)

17

_____

18    [1]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a

19    pleading to mail to court, the court deems the pleading constructively "filed" on the

20    date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010)

       (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating

21    the "mailbox rule applies to § 1983 suits filed by pro se prisoners").  Here, Plaintiff

22    signed the Complaint on February 9, 2016.  ECF Docket No. ("Dkt.") 1, Compl.

23    Thus, the Court deems February 9, 2016 the filing date.

24    [2]    The Court refers to Petitioner's pleadings as if Petitioner consecutively

25    paginated them.

26    [3]    "Debriefing" is the process by which validated gang members renounce their

27    gang membership, divulge any gang-related information, and earn their release

       back into the prison's general population. Gonzales v. California Dep't of Corr.,

28    739 F.3d 1226, 1229 n. 1 (9th Cir. 2014).

1  status as punishment for not debriefing." Id. at 5 (parenthetical in original).

2  Plaintiff consequently filed an administrative complaint regarding defendant

3  Redding's notice.  Id.

4      On March 12, 2015 and July 16, 2015, defendant Eguavoen filed requests to

5  extend Plaintiff's placement in administrative segregation, "misrepresenting once

6  again that Garland requested to debrief."  Id.  Plaintiff consequently filed an

7  administrative complaint regarding defendant Eguavoen's requests.  Id.  On

8  September 22, 2015, defendant Eguavoen "accused Garland of 'starting that 602

9  [administrative appeal] bullshit again.'"  Id. at 9.

10      On October 22, 2015, Plaintiff appeared at a classification hearing.  Id. at 10.

11  At the hearing, Plaintiff claims defendant Jordan ignored Plaintiff's unwillingness

12  to debrief and told Plaintiff he would recommend "Garland transfer to the 'Step

13  Down' program in Tehachapi."[4]  Id.

14      Plaintiff seeks compensatory damages, punitive damages, transfer to the

15  Federal Bureau of Prisons, and costs.  Id. at 13.

16                              **III.**

17                     **STANDARD OF REVIEW**

18      As Plaintiff is proceeding in forma pauperis, the Court must screen the

19  Complaint and is required to dismiss the case at any time if it concludes the action

20  is frivolous or malicious, fails to state a claim on which relief may be granted, or

21  seeks monetary relief against a defendant who is immune from such relief.  28

22  U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

23

24  _____

25  [4]      The Step Down Program ("SDP") is a five-step program that provides
    inmates placed in a Security Housing Unit ("SHU") due to Security Threat Group

26  ("STG") validation and/or documented STG behaviors with a program expectation
    of discontinuing participation in STG related activities and includes increased

27  incentives to promote positive behavior with the ultimate goal of release from the

28  SHU.  15 Cal. Code Regs. § 3000.

                                3

1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." <u>Woods v. Carey</u>, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation where the p[laintiff] is <u>pro se</u>, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

## A.    THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST DEFENDANT JORDAN

### (1)    Applicable Law

In determining whether a complaint states a claim, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); <u>Zamani</u>, 491 F.3d at 996.

///

**(2)     Analysis**

Here, Plaintiff's conclusory claims against defendant Jordan fail.  Plaintiff contends defendant Jordan ignored Plaintiff's unwillingness to debrief and told Plaintiff he would recommend Plaintiff to a SDP.  Dkt. 1 at 9.  Such conclusory statements provide no cognizable legal theory.  See Zamani, 491 F.3d at 996.  Plaintiff fails to identify what constitutional right, if any, implicates ignoring Plaintiff's aversion to debriefing or recommending Plaintiff to a SDP.  Plaintiff's claims against defendant Jordan must therefore be dismissed.  See Iqbal, 556 U.S. at 678.

**B.     THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM AGAINST DEFENDANTS EGUAVOEN AND REDDING**

**(1)     Applicable Law**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm.  Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).  The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm.  Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

A prison official "is deemed 'deliberately indifferent' to a substantial risk of serious harm when he knew of the risk but disregarded it by failing to take reasonable measures to address the danger."  Castro v. Cnty. of Los Angeles, 797

1  F.3d 654, 666 (9th Cir. 2015).  "[A] prison official cannot be found liable under the
2  Eighth Amendment for denying an inmate humane conditions of confinement
3  unless the official knows of and disregards an excessive risk to inmate health or
4  safety; the official must both be aware of facts from which the inference could be
5  drawn that a substantial risk of serious harm exists, and he must also draw the
6  inference."  Farmer, 511 U.S. at 837-38; see May v. Baldwin, 109 F.3d 557, 566
7  (9th Cir. 1997) (rejecting plaintiff's claims disciplinary segregation violated the
8  Eighth Amendment because plaintiff "failed to allege facts establishing the
9  deprivation of adequate food, drinking water, sanitation, or personal hygiene items.
10  Moreover, there is no evidence of deliberate indifference to [plaintiff]'s medical
11  needs.")

12      **(2)   Analysis**

13      Here, Plaintiff's Eighth Amendment cruel and unusual punishment claims
14  against defendants Eguavoen and Redding fail.  Plaintiff alleges defendant
15  Eguavoen pressured Plaintiff to debrief by stating he would recommend
16  indeterminate placement in segregated housing.  Dkt. 1 at 5.  In addition, Plaintiff
17  alleges defendant Redding issued an administrative segregation notice and
18  defendant Eguavoen filed requests to extend Plaintiff's administrative segregation.
19  Id.  However, Plaintiff fails to show such pressure, administrative segregation
20  placement, or extended administrative segregation created an "objectively
21  insufficiently humane condition violative of the Eighth Amendment" which poses
22  a substantial risk of serious harm.  See Osolinski, 92 F.3d at 938; May, 109 F.3d at
23  566.  Further, Plaintiff offers no facts showing defendants Redding and Eguavoen
24  acted while knowing of and disregarding an excessive risk to inmate health or
25  safety.  See Farmer, 511 U.S. at 837-38.  Plaintiff's Eighth Amendment cruel and
26  unusual punishment claims against defendants Eguavoen and Redding must
27  therefore be dismissed.  Id. at 832.
28  ///

**C.     THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT
RETALIATION CLAIM AGAINST DEFENDANTS EGUAVOEN
AND REDDING**

**(1)     Applicable Law**

Allegations of retaliation against a plaintiff inmate's First Amendment rights
to speech or to petition the government may support a Section 1983 claim.  See
Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a
viable claim of First Amendment retaliation entails five elements: (1) the plaintiff
engaged in protected conduct; (2) an assertion that a state actor took some adverse
action against the plaintiff; (3) the adverse action was "because of" the plaintiff's
protected conduct; (4) the adverse action "would chill or silence a person of
ordinary firmness from future First Amendment activities;" and (5) the action did
not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408
F.3d 559, 567-68 (9th Cir. 2005).

**(2)     Analysis**

Here, Plaintiff's First Amendment claims against defendants Eguavoen and
Redding fail.  Plaintiff alleges defendant Eguavoen told Plaintiff his refusal to
debrief would cause him to be placed in SHU and "accused Garland of 'starting
that 602 [administrative appeal] bullshit again.'"  Dkt. 1 at 4, 9.  In addition,
Plaintiff alleges defendant Redding improperly "eliminat[ed] Garland's non
disciplinary segregation (NDS) status as punishment for not debriefing."  Id. at 5.
However, Plaintiff fails to show his refusal to debrief is protected conduct.  Cf.,
Castro v. Terhune, 29 F. App'x 463, 466 (9th Cir. 2002) (unpublished mem.)
(stating debriefing "give[s] the opportunity to receive more lenient treatment from
prison officials in exchange for information . . . concerning gang activity in prison.
Denial of this opportunity as a consequence of refusal to debrief thus does not
violate [a petitioner]'s privilege against self-incrimination.")  Moreover, to the
extent Plaintiff argues his filing administrative complaints against defendants

8

Eguavoen and Redding constitute protected conduct, Plaintiff's retaliation claims still fail because he offers no facts showing defendant Eguavoen's accusation or defendant Redding's elimination of his non-disciplinary segregation are adverse actions that would "would chill or silence a person of ordinary firmness from future First Amendment activities." Further, Plaintiff fails to allege his placement in administrative segregation did not reasonably advance any legitimate correctional goal. Cf., Jimenez v. Whitfield, No. 2:10-CV-2943-KJN (P), 2012 WL 244149, at *5 (E.D. Cal. Jan. 25, 2012) (stating "[r]etaining inmates in the SHU until debriefing is rationally related to the CDCR's legitimate interest in addressing 'the grave security risk posed by prison gangs.'" (quoting Medina v. Gomez, No. C 93-1774-TEH, 1997 WL 488588, at *1 (N.D. Cal. Aug. 14, 1997)). Plaintiff's First Amendment retaliation claims against defendants Eguavoen and Redding must therefore be dismissed. See id.

## VI.

## ORDER

For the foregoing reasons, the Complaint is subject to dismissal. However, as the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, IT IS ORDERED THAT within **twenty-one (21) days** of the service date of this Order, Plaintiff may file a First Amended Complaint ("FAC"). In filing the FAC, Plaintiff should cure all defects listed above in an attempt to reassert his claims.

If Plaintiff chooses to file a FAC, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the FAC must be complete without reference to the

Complaint, or any other pleading, attachment, or document. **The Clerk of Court is directed to mail Plaintiff a Central District civil rights complaint form to use for filing the FAC.**

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the FAC. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court cautions Plaintiff that failure to timely obey this Order will result in dismissal of this action for failure to state a claim, prosecute, and obey court orders.

DATED: MARCH 28, 2016

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

10