UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>S. REDDING, et al.,<br><br>　　　　　Defendants. | Case No. CV 16-1428-FMO (KK)<br><br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

Plaintiff Shaun Darnell Garland ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Second Amended Complaint ("SAC") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendants S. Redding and O. Eguavoen ("Defendants") violated his Fourteenth Amendment due process and equal protection rights. As discussed below, the Court dismisses the SAC with leave to amend.

///
///
///
///

## II.

## **BACKGROUND**

On February 9, 2016, Plaintiff constructively filed[1] a complaint ("Complaint") pursuant to Section 1983. Dkt. 1, Compl. Plaintiff alleged Correctional Lieutenant S. Redding, Correctional Counselor II O. Eguavoen, and Assistant Warden Jordan violated Plaintiff's First and Eighth Amendment rights by placing him in segregation and retaliating against him for refusing to debrief.[2] See id. On March 28, 2016, the Court dismissed the Complaint with leave to amend for failure to state a claim. Dkt. 7, Order Dismissing Compl.

On July 6, 2016, Plaintiff constructively filed a First Amended Complaint ("FAC") against Defendants in their individual and official capacities. Dkt. 12, FAC at 3. Plaintiff alleged Defendants violated Plaintiff's First and Eighth Amendment rights by placing him in segregation and retaliating against him for refusing to debrief. See id. On July 18, 2016, the Court dismissed the FAC with leave to amend for failure to state a claim. Dkt. 13, Order Dismissing FAC.

On August 16, 2016, Plaintiff constructively filed the SAC against Defendants, each in their individual capacity. Dkt. 16, SAC. Plaintiff claims Defendants violated his Fourteenth Amendment due process and equal protection rights and alleges the following:

On March 5, 2015, Plaintiff was an inmate at California State Prison, Los Angeles County ("CSP-LAC"). Id. at 4. Because Plaintiff allegedly refused to debrief, Defendant Redding signed and issued a placement order requiring Plaintiff

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] "Debriefing" is the process by which validated gang members renounce their gang membership, divulge any gang-related information, and earn their release back into the prison's general population. Gonzales v. California Dep't of Corr., 739 F.3d 1226, 1229 n.1 (9th Cir. 2014).

1 stay in administrative segregation for over ninety days. Id. The placement order
2 demoted Plaintiff's privilege group status from non-disciplinary segregation
3 ("NDS") to administrative segregation, which "would adversely effect the
4 Plaintiff while housed in ad-seg at CSP-LAC." Id. at 5. Plaintiff "was not issued a
5 Rules Violation Report (RVR) or Notice of an RVR hearing from [Defendant]
6 Redding indicating [Plaintiff] violated CDCR Rules that would be the basis of
7 adverse action, changing, inter alia, his privilege group status from D/A/NDS to
8 D2D." Id. at 4.

9      On March 12, 2016, "an Institutional Classification Committee (ICC) was
10 held for Plaintiff at CSP-LAC." Id. at 6. At the ICC, Defendant Eguavoen caused
11 Defendant Redding's placement order to be "implemented" and Plaintiff's
12 privilege group status to be demoted." Id. Defendant Eguavoen "did not issue an
13 RVR nor notice of RVR hearing for any alleged rules violation." Id.

14      Plaintiff seeks transfer to the Federal Bureau of Prisons, "judgment be made
15 against defendants," monetary damages, and costs. Id. at 8.

## III.
## STANDARD OF REVIEW

18      As Plaintiff is proceeding in forma pauperis, the Court must screen the SAC
19 and dismiss the case at any time if it concludes the action is frivolous or malicious,
20 fails to state a claim on which relief may be granted, or seeks monetary relief against
21 a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see
22 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

23      In determining whether a complaint fails to state a claim for screening
24 purposes, the Court applies the same pleading standard from Rule 8 of the Federal
25 Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to
26 dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter,
27 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a
28

1  "short and plain statement of the claim showing that the pleader is entitled to
2  relief." Fed. R. Civ. P. 8(a)(2).
3     A complaint may be dismissed for failure to state a claim "where there is no
4  cognizable legal theory or an absence of sufficient facts alleged to support a
5  cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)
6  (citation and internal quotation marks omitted).  In considering whether a
7  complaint states a claim, a court must accept as true all of the material factual
8  allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).
9  However, the court need not accept as true "allegations that are merely
10 conclusory, unwarranted deductions of fact, or unreasonable inferences." In re
11 Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal
12 quotation marks omitted).  Although a complaint need not include detailed factual
13 allegations, it "must contain sufficient factual matter, accepted as true, to state a
14 claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004
15 (9th Cir. 2011) (citation and internal quotation marks omitted).  A claim is facially
16 plausible when it "allows the court to draw the reasonable inference that the
17 defendant is liable for the misconduct alleged." Id. (citation and internal quotation
18 marks omitted).  The complaint "must contain sufficient allegations of underlying
19 facts to give fair notice and to enable the opposing party to defend itself
20 effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).
21     "A document filed pro se is to be liberally construed, and a pro se complaint,
22 however inartfully pleaded, must be held to less stringent standards than formal
23 pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.
24 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation
25 where the p[laintiff] is pro se, particularly in civil rights cases, to construe the
26 pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v.
27 Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks
28 omitted).

1    If the court finds the complaint should be dismissed for failure to state a
2    claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v.</u>
3    <u>Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted
4    if it appears possible the defects in the complaint could be corrected, especially if
5    the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103,
6    1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint
7    cannot be cured by amendment, the court may dismiss without leave to amend.
8    <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th
9    Cir. 2009).

## IV.
## DISCUSSION

**A.    PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM**

**(1)    APPLICABLE LAW**

Due process affords no "protected liberty interest that would entitle [a plaintiff inmate] to the procedural protections" where: (1) "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody;" and (2) the disciplinary segregation did not "inevitably affect the duration of [the plaintiff's] sentence." <u>Sandin v. Conner</u>, 515 U.S. 472, 486-87, 115 S. Ct. 2293, 2302, 132 L. Ed. 2d 418 (1995) (holding "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); <u>see</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997) ("the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence"). Moreover, if a prisoner is serving a life sentence, the loss of credits is not a protectable liberty interest because a loss of credit has no effect on a life sentence. <u>See</u> <u>Sandin</u>, 515 U.S. at 487.

///

**(2)  ANALYSIS**

Here, Plaintiff's Fourteenth Amendment due process claim fails.  Plaintiff alleges Defendant Redding issued a placement order for Plaintiff to stay in administrative segregation without giving Plaintiff a RVR notice or notice of hearing, and Defendant Eguavoen implemented the placement order without giving Plaintiff a RVR notice or notice of hearing.  See Dkt. 16, SAC.  However, Plaintiff's administrative segregation alone fails to constitute a liberty or property interest of which Plaintiff has been deprived.  See Sandin, 515 U.S. at 486-87; cf. Wilkinson v. Austin, 545 U.S. 209, 223-24, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (recognizing inmates have a liberty interest in avoiding assignment to a supermax unit that disqualifies them for parole and imposes "severe limitations on all human contact" for an "indefinite" period of time).  Plaintiff fails to allege his administrative segregation presents "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and fails to allege his administrative segregation affected the duration of his sentence.  Id.  Plaintiff's Fourteenth Amendment due process claim must therefore be dismissed.

**B.  PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM**

To the extent Plaintiff is attempting to allege an equal protection claim using the term "equal protection" in the title of his claims for relief, this claim also fails. See SAC at 5-6.  Plaintiff fails to allege facts showing Defendants treated him differently from others similarly situated without a rational basis or discriminated against him based on his membership in a protected class.  See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming district court dismissal of inmate's equal protection claim).  In fact, Plaintiff has not even identified any similarly situated

inmates who were treated differently from him.  See SAC.  Therefore, Plaintiff fails to state an Equal Protection claim.

## V.

## **LEAVE TO FILE A THIRD AMENDED COMPLAINT**

For the foregoing reasons, the SAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint.**

If Plaintiff chooses to file a Third Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the SAC.  In addition, the Third Amended Complaint must be complete without reference to the Complaint, FAC, SAC, or any other pleading, attachment, or document.  An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

1        2.      Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court warns Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted.  The Court has already granted Plaintiff multiple opportunities to state his claims, but Plaintiff has failed to cure the deficiencies.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  Thus, if Plaintiff files a Third Amended Complaint without claims on which relief can be granted, the Third Amended Complaint will be dismissed without leave to amend and with prejudice.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (internal citations omitted).

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint will result in this action being dismissed for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: September 09, 2016

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge